Dear Mr. Deano:
Your request on behalf of the Mayor and Board of Aldermen for the Town of Abita Springs has been assigned to me for research and reply. Your letter states that it is expected that the present chief of police of the town will resign and that the board of aldermen introduced an ordinance to avail themselves of the provisions of R.S. 33:381.2 [sic], as amended by Louisiana Acts 2003, No. 492, to call a special election on the question of whether to change the position of chief of police from an elected position to an appointed position. The date of the special election is provided as November 15, 2003. Additionally, you state that under R.S. 18:601(D)(2)(a), upon the resignation of the chief, the board of aldermen would be required to proclaim a vacancy and issue a call for a special election to fill the vacancy, to be held on the March 9, 2004 primary election date, as there is more than one year remaining in the term. Under these circumstances, you seek an opinion on the following questions:
1. With a pending election on the proposition of an appointed chief, is the Town of Abita Springs mandated to call a special election to fill the vacancy of the present elected chief?
2. Should the proposition providing for an appointed chief of police be adopted by the voters on November 15, 2003, what is the status of the proclamation for the special election to fill the vacancy of the elected chief which primary to be held on March 15, 2004?
3. The second paragraph of La.R.S. 33:381.2 [sic] states
 "If the people of any municipality vote to authorize the Mayor to appoint the Marshal, the first such appointment shall be made at the end of the term of the Marshal in office at the time that the election was held unless at that time the Office of Marshal is vacant or the incumbent is an appointed official."
 It is anticipated that by November 15, 2003, the date of the proposition election that there will be an interim appointed Chief of Police for the Town of Abita Springs. How would this provision of law apply to that circumstance? When may the newly adopted change in the selection of chief become effective?
4. R.S. 33:383(C) provides
 "Any vacancy in a municipal office to which the officers elected are appointed by the Mayor and Board of Aldermen may be filled for the term by the Mayor and Board of Aldermen at any regular or special meeting."
 Does this provision of law apply in any way in this situation?
Our response to your first question is yes, we are of the opinion that the governing authority of the Town of Abita Springs is required by law to call a special election to fill a vacancy in the office of chief of police should the present chief resign. Under R.S. 33:381, the chief of police is an elected officer of the municipality. Under R.S. 33:383, if a vacancy occurs in an elected municipal office, the vacancy shall be filled in accordance with the constitution, Article VI, Section 13, or as otherwise provided by law. The constitution provides for a vacancy in a local office to be filled by appointment by the governing authority, until it is filled by election as provided by law. LSA-Const. Art. VI, Section 13 (1974). Additionally, the Lawrason Act, R.S. 33:423 provides for the duties of marshal, who shall be the chief of police and ex officio a constable. Thus, R.S. 18:604, rather than 18:601, applies to the vacancy of a marshal of a city or municipal court as follows:
 B.(1) When a vacancy occurs in the office of constable or marshal of a city or municipal court . . .
 (2)(a) When the unexpired term exceeds one year, the chief deputy shall assume such duties and position and shall serve until the successor is elected and takes office. If there is no such person to assume the duties when the vacancy occurs, the appropriate governing authority shall within ten days appoint a person having the qualifications of the office to assume the duties of the office until the successor is elected and takes office. The appropriate governing authority shall, within ten days after the vacancy occurs, issue a proclamation ordering a special election to fill the vacancy and shall specify in the proclamation, in accordance with R.S. 18:402, the dates on which the primary and general elections shall be held
We have been informed that there is no chief deputy to assume the duties if and when the chief of police resigns; thus, the governing authority is required by law to make an appointment within ten days upon such resignation of the chief and to specify the election dates in accordance with law.
In response to your second question, it is our opinion that the town would need to take action to rescind it's call of a special election to fill the vacancy of the office of chief of police in March of 2004 if the voters approve by majority vote the proposition on the November 15, 2003 ballot to provide for an appointed chief of police.
In response to your third question, we find that Louisiana Acts 2003, No. 492 provides for a new law, R.S. 33:381.2, which provides in part:
 A. Notwithstanding the provisions of R.S. 33:381 and R.S. 381.1 to the contrary, in any municipality with a population of five thousand or less according to the latest federal decennial census, a majority of the qualified electors voting therein may, at a special election called by the governing authority of the municipality for that purpose, authorize the mayor to thereafter appoint a marshal who is the chief of police with the approval of the governing authority or provide for the election of a marshal who is the chief of police.
 B. If the people of any municipality vote to authorize the mayor to appoint the marshal, the first such appointment shall be made at the end of the term of the marshal in office at the time the election was held unless at that time the office of marshal is vacant or the incumbent is an appointed official. (emphasis added).
According to the facts you have provided, if there is an interim appointed chief of police in office to fill the vacancy for the elected position during the election on November 15, 2003 on the proposition to provide for an appointed chief, it is our opinion that R.S. 33:381.2
allows the change from an elected chief to an appointed chief to be effective after the election, rather than at the end of the term. This is due to the facts you have provided that at the time of the November 15, 2003 proposition election, the office of chief of police will be filled by an appointed official due to a vacancy in office. This opinion is also based on the assumption that the majority vote is in favor of the proposition.
In response to your fourth question regarding the applicability of R.S. 33:383(C), it is our opinion that R.S. 18:604 providing for the vacancy in the office of marshal [chief of police] of a city or municipal court is a more specific law than the general provisions of R.S. 33:383(C), and thus is controlling here. The relevant portion of R.S. 33:383(C) seems to be that the vacancy appointment can be made at any regular or special meeting of the governing authority.
We add for information purposes only that Louisiana Acts 2003, No. 492
is a voting change under Section 5 of the 42 U.S.C. § 1973 and is, therefore, subject to approval by the U.S. Department of Justice or the D.C. District Court. Our office completed a section 5 submission for Act 492 (2003) on August 27, 2003 to the U.S. Department of Justice, who has 60 days from receipt to review the change in the law. Thus, we expect a determination on or around October 27, 2003. We believe that the U.S. Department of Justice will find this law enabling, meaning that the local jurisdiction will have to seek a separate Section 5 approval for any election conducted pursuant to this new law. If you have any questions regarding this matter, please do not hesitate to contact our office.
Trusting that our legal opinion is responsive to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Cc: Hon. W. Fox McKeithen
Hon. Suzanne Haik Terrell
Date Released: September 23, 2003